IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 17-CR-00379-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JORGE LUIS SOTELO,

    Defendant.

---

## FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS FOR ORDER OF DETENTION

---

    This matter is before the court for detention hearing on October 24, 2017. The court has taken judicial notice of the court's file and the pretrial services report. In addition, I have considered the proffer submitted by defense counsel and the arguments of counsel.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file. In addition, I have considered the proffer submitted by defense

counsel and the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment with Illegal Re-entry of a Removed Alien Subsequent to a Felony Conviction in violation of 8 U.S.C. § 1326(a) and (b)(1).  Based upon the Indictment, I find probable cause exists that the defendant committed the charged offense.

Second, I find that the Defendant is in the United States illegally. There is an ICE detainer that has been lodged against the defendant.  Defendant was born in Mexico and is a citizen of the Republic of Mexico. Defendant does not possess a valid Colorado driver's license.  Defendant was previously deported from the United States to Mexico on July 15, 2004.  Defendant has used at least four alias names and five alias dates of birth in the past.

Third, I find that the defendant has suffered convictions for Child Abuse-Knowing/Reckless Bodily Injury; Driving Without a Valid License (2 convictions); Illegal Rentry (misdemeanor); Interference; False Information; No Proof of Insurance; Driving Under Restraint; DUI; Illegal Rentry (felony); and other Traffic Offenses.  Defendant has suffered five failures to appear resulting in a warrant being issued.  Defendant has committed a new crime while on probation.

Fourth, I find that the defendant has two pending criminal cases.  Defendant has a pending criminal case in the Denver County Court Case No. D093618 wherein he is charged with Speeding 15-19 Over Limit and with Driving Without a Driver's License.  Defendant also has a pending criminal case in the Adams County District Court Case No. 16-CR-833 wherein he is charged with Vehicular Eluding (felony ) and Third Degree Assault-Know/Reckless Cause Injury (misdemeanor).  There are outstanding warrant in each of these two cases.

Fifth, I find that the defendant's employment status and time in the community is unknown.  Further, it is does not appear that the defendant has any familial or financial ties to the District of Colorado.  Defendant is not contesting detention at this time.

In light of these facts and the defendant's immigration status, I find, by a preponderance of the evidence, that defendant is a flight risk and that there is no condition or combination of conditions of release that will reasonably assure the appearance in court. Accordingly, I order that the defendant be detained without bond.

Done this 24th day of October 2017.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge